UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MILTON BEATO, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-195 |
| | § | |
| CARDIOLOGY ASSOCIATES OF CORPUS CHRISTI, | § | |
| | § | |
|     Defendant. | § | |

## ORDER ON MOTION TO REMAND

Plaintiffs, Milton Beato, M.D. and Wassim Choucair, M.D., filed suit in the County Court at Law No. 2, Nueces County, Texas, against Defendant Cardiology Associates of Corpus Christi (CACC) for breach of contract and seeking a judgment declaring a noncompete agreement unenforceable. D.E. 1-3. They seek an injunction and contract damages. *Id*. CACC removed the case to this Court (D.E. 1) on the basis of federal question jurisdiction, 28 U.S.C. § 1331, arguing that Plaintiffs' pleading raises issues of discrimination under 42 U.S.C. § 1981 because of the following paragraph:

> 5.12. Race discrimination, national origin discrimination, or both have also affected the decision of [CACC] and a majority of its remaining shareholders. A white physician was released from his non-compete clause without any buy-out payment when he departed [CACC].

D.E. 1-3, p. 5. Plaintiffs filed their motion to remand (D.E. 7) arguing that they did not state a federal claim. For the reasons set out below, the motion to remand (D.E. 7) is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

The seminal case on the construction of state court pleadings in the context of removal on the basis of federal question is *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). In *Caterpillar*, the Supreme Court stated:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Id*. at 392 (citation omitted). The Supreme Court cited *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986) for its statement, "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."

More specifically, "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar,* 482 U.S. at 399. The fact that federal remedies may exist for the same conduct complained of does not transform a state law action into a federal question. *Elam v. Kansas City S. Ry. Co*., 635 F.3d 796, 803 (5th Cir. 2011). And in determining what theories are alleged, the courts are to consider pleading allegations in context. *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013).

Consequently, the question for this Court is whether Plaintiffs presented a federal question on the face of their pleading by relying on a theory based in federal law or whether they relied exclusively on state law. Viewing the pleading as a whole, it is clear

that Plaintiffs are relying on state law breach of contract theories. They allege that three identified contracts[1] govern the relationship between the parties as well as the remedies for their complaints. Because CACC provided, in writing, that the termination of Plaintiffs was "for cause," triggering the non-compete agreements, Plaintiffs have pled that the "for cause" nature of the termination was contrived because the real motivation for the breaches of contract were greed and discrimination.

In that context, Plaintiffs' allegations of discrimination are not the basis of their claims—facts that must be proven before they can recover. Instead, they are illustrative of the alleged falsity of CACC's contract-based defense. While it is conceivable that Plaintiffs could state a federal claim, they have not done so and any ambiguity in that regard is construed against removal jurisdiction. *See Scott v. Primedia, Inc.*, 3:04-CV-0680-D, 2004 WL 1179329 (N.D. Tex. May 7, 2004). *Cf.*, *Medina v. Ramsey Steel Co.*, 238 F3d. 674, 680 (5th Cir. 2001) (holding that, because a plaintiff sought damages which were only available under federal law, federal law was pled and remand was properly denied).

The federal removal statute, 28 U.S.C. § 1441, "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). This construction favoring remand operates differently depending upon which jurisdictional basis is used for removal. In federal

---

[1] Those contracts are: (1) a Stock Purchase Agreement; (2) a First Amended and Restated Agreement Restricting Transfer of Shares, and (3) an Employment Agreement containing the noncompete agreement. Each Plaintiff had signed his own set of these three contracts.

question jurisdiction, the pleadings are read conservatively against federal claims. In diversity jurisdiction, however, the pleadings are read liberally in favor of any claims made against a non-diverse defendant who is alleged to have been improperly joined.

Thus, CACC's citation to liberal pleading authorities is misplaced. For instance, in *Pharos Capital Group, LLC v. Nutmeg Ins. Co*, 3:13-CV-2603-B, 2014 WL 737244 at *5 (N.D. Tex. Feb. 26, 2014), the court was considering the adequacy of a cause of action pled against a non-diverse defendant under an improper joinder argument with respect to removal based on diversity jurisdiction. After noting the requirement to construe jurisdictional issues in favor of remand, the court upheld the adequacy of the state law pleading through which the non-diverse defendant was joined in the case and the case had to be remanded. That analysis does not apply here. *See also, Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896 at *3 (N.D. Tex. Mar. 31, 2014) (liberally construing pleading in favor of remand in improper joinder context).

CACC argues that the Eastern District of Texas has refused to remand in circumstances substantially identical to those present here, citing *Smith v. Texaco*, 951 F. Supp. 109 (E.D. Tex. 1997). While *Smith* is a federal question case (rather than diversity), it is not substantially identical. The relevant *Smith* allegations are set out in an appendix to the opinion and contain no allegations of breach of contract under state law like those here. Instead, the discriminatory practices complained of in *Smith* were alleged to be nationwide and thus interpreted by the court as invoking federal law as the only law that would apply to nationwide discriminatory conduct.

This approach—construing the claim to invoke federal law because an equivalent state law claim does not appear to survive—is not universal. In *Scott v. Primedia, Inc.*, 3:04–CV–0680–D, 2004 WL 1179329 (N.D. Tex. May 7, 2004), the court rejected federal jurisdiction despite the indications that the state law equivalent claim was subject to dismissal for failure to exhaust administrative remedies. It is not the Court's duty to impose a theory of recovery that the plaintiff did not plead simply to preserve the lawsuit in the face of a dismissable claim.

"A federal claim does not exist simply because facts are available in the complaint to suggest such a claim." *Id*. at *1. And a federal claim does not exist simply because a plaintiff does not expressly deny such a claim. *Id*. at *2. The well-pleaded complaint rule requires that the federal claim be readily apparent from the manner in which Plaintiffs' plead their theory of recovery as the masters of their own complaint. *Caterpillar,* 482 U.S. at 392. These Plaintiffs stated state contract claims, not federal discrimination claims.

Plaintiffs here do not complain of discriminatory conduct outside of their particular situation. They do not seek to advance their employment with CACC but rather to permit termination on the terms to which all parties contractually agreed at the outset of their relationship. They do not seek remedies exclusively available under 42 U.S.C. § 1981.

The remedies sought are available pursuant to Texas contract law and include: (1) contractual compensation; (2) buy out of their shares for full value pursuant to the shareholder agreements; (3) payment due for services rendered, profit shares, pension

funds, and contractual allowances; (4) incidental and consequential damages for rebuilding their medical practices; (5) declaration that the non-compete clause in the employment agreement is unenforceable because termination was not "for cause" and an injunction against enforcement of that clause; and (6) attorney's fees available under state statutes governing fees for contract disputes and for declaratory judgment actions.

## CONCLUSION

For the reasons set out above, the Court finds that Plaintiffs have not stated a claim for relief that requires adjudication of a federal question. Plaintiffs' motion to remand (D.E. 7) is GRANTED IN PART and this action is remanded to County Court at Law No. 2, Nueces County, Texas, the court from which it was removed. The motion is DENIED IN PART with respect to its request for attorney's fees for a baseless removal.

ORDERED this 31st day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE